94 F.3d 654
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Richard ZENKER, aka: Frank Richards, Defendant-Appellant.
 No. 94-50616.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Richard Zenker appeals pro se his conviction by jury of conspiring illegally to distribute new and misbranded drugs and holding for sale misbranded drugs in violation of 18 U.S.C. § 371 and 21 U.S.C. §§ 331(k), 331(a) and 333(a)(2). As we understand his opening brief, Zenker contends that: the district court lacked jurisdiction over his case; the Federal Food, Drug, and Cosmetic Act (FFDCA) is constitutionally defective; the indictment was premature and indefinite; the search warrant was overbroad; the Speedy Trial Act barred his prosecution; the evidence was insufficient; and the government failed to disclose exculpatory reports in violation of Brady v. Maryland, 373 U.S. 83 (1963). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Zenker argues that the Uniform Commercial Code somehow preempted his criminal prosecution, and precluded the district court from exerting jurisdiction over his case. These claims are frivolous.
 
 
 4
 The district courts of the United States have original jurisdiction "of all offenses against the laws of the United States." 18 U.S.C. § 3231 (1994). The indictment charged Zenker with violations of federal law, so his prosecution in the district court was proper.
 
 
 5
 Next, Zenker asserts that the term "drug" in the FFDCA is vague. This claim fails because the statutory language is sufficiently definite to give a "person of ordinary intelligence" fair notice that his contemplated conduct is forbidden. United States v. Spencer, 839 F.2d 1341, 1343-44 (9th Cir.), cert. denied, 487 U.S. 1238 (1988). Zenker's broader claim, that Congress exceeded its authority when it passed the Act, is likewise without merit. The FFDCA is a constitutional exercise of Congress' power to regulate interstate commerce to protect the public health. See United States v. Walsh, 331 U.S. 432, 434 (1947).
 
 
 6
 Zenker goes on to accuse the FDA, the district court, and the prosecution of having conspired to deprive him of the "exclusive administrative remedy" to which he is entitled under the law. It appears that he means he should have received a hearing before, or instead of, being indicted. The Supreme Court has ruled that a hearing is not a prerequisite to prosecution under the FFDCA. United States v. Dotterweich, 320 U.S. 277, 278-79 (1943).
 
 
 7
 We decline to consider Zenker's challenges to alleged defects in the indictment and to the search warrant because he has not shown cause for his failure to raise them before trial. See Davis v. United States, 411 U.S. 233, 242-45 (1973) (claims of defects in indictment not raised before trial are waived); United States v. Kessee, 992 F.2d 1001, 1002-03 (9th Cir.1993) (challenges to search waived); Fed.R.Crim.P. 12(b)(3), 12(f).
 
 
 8
 Zenker challenges the district court's exclusion of time, for purposes of the Speedy Trial Act, during which he alleges the government was "in contempt" of the court's discovery order. We do not consider this claim because the government was never held in contempt.
 
 
 9
 Zenker challenges the sufficiency of the evidence against him. In reviewing this claim, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 10
 The undisputed evidence at trial showed that: Zenker worked as a salesman for Omniopathy Products, a company owned by his codefendant Lance Griffin; Omniopathy sold products whose active ingredient was a drug the FDA had never approved; Zenker and his codefendants had read an FDA press release warning the public that the drug had serious side effects and was being illegally sold in the United States; and Omniopathy's products were mislabeled to hide their contents. These facts are more than sufficient to support Zenker's convictions. See id.
 
 
 11
 Finally, Zenker contends the government withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). We reject these claims for the reasons set forth in the district court's Findings of Fact and Conclusions of Law, filed January 22, 1996 and November 6, 1995.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3